IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| RONALD BYRD | : | No. 23-209-1 |

**ORDER**

**AND NOW**, this 2nd day of October, 2024, upon consideration of Defendant Ronald Byrd's pro se "Motion to Dismiss Count 3 of Indictment" (Docket No. 105), and "Motion to Suppress the Identification Made by Probation Officer / Request for a Wade Hearing" (Docket No. 109), **IT IS HEREBY ORDERED** that both pro se Motions are **DISMISSED** without prejudice.[1]

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.

---

[1] Defendant is represented by counsel and thus, may not file pro se motions. See United States v. Schwyhart, 123 F. App'x 62, 68 (3d Cir. 2005) (stating that 6th Amendment does not require a court to permit "hybrid representation in which defendant and attorney essentially serve as co-counsel" (citing McKaskle v. Wiggins, 465 U.S. 168, 183 (1984))); see also United States v. D'Amario, 256 F. App'x 569, 571 (3d Cir. 2007) (per curiam) ("[T]he constitution does not confer a right to proceed simultaneously by counsel and *pro se* . . . ."); United States v. Ukandu, 894 F. Supp. 197, 198 n.1 (E.D. Pa. 1985) ("[A] defendant may proceed either with counsel or *pro se*, but he may not do both. If a defendant has counsel, then I will consider the motions filed by counsel and not motions filed by the defendant unless counsel adopts the motion as his or her own."). We therefore dismiss Defendant's Motions without prejudice to his counsel filing equivalent counseled motions if counsel believes that such motions are appropriate.